UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN HAYES, 18202111,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BOYCE, et al.,<br><br>Defendant(s). | Case No. 18-cv-02647-CRB (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a prisoner at the United States Penitentiary in Lompoc, California, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that on October 19, 2012, City of Martinez Police Officers Jeffrey Boyce and Dirk Miller arrested and questioned him without giving him a warning regarding his rights per Miranda v. Arizona, 384 U.S. 436 (1966). Plaintiff further alleges that if he had been advised of his rights before the questioning, he would not have answered any of the questions posed by the officers, and that the state court agreed and dismissed the criminal case against him due to the violations of his rights.

## DISCUSSION

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

It is well established that "failure to give Miranda warnings does not create liability in a civil rights action." Fortson v. Los Angeles City Attorney's Office, 852 F.3d 1190, 1195 (9th Cir. 2017) (citing Chavez v. Martinez, 538 U.S. 760, 772 (2003)).  An exception may be in order where the failure to give Miranda warnings was followed by coercive interrogation tactics sufficiently outrageous to constitute a violation of substantive due process.  See Chavez, 538 U.S. at 780.  But this is not such a case.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

Dated: June 4, 2018

_____
CHARLES R. BREYER
United States District Judge

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| REUBEN HAYES,<br><br>        Plaintiff,<br><br>   v.<br><br>JEFFREY BOYCE, et al.,<br><br>        Defendants. | Case No. 3:18-cv-02647-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 4, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Reuben Hayes ID: 18202-111
United States Penitentiary Lompoc
3901 Klein Blvd.
Lompoc, CA 93436


Dated: June 4, 2018

                                        Susan Y. Soong
                                        Clerk, United States District Court

                                        By: _/s/ L. Scott_____
                                        Lashanda Scott, Deputy Clerk to the
                                        Honorable CHARLES R. BREYER